# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**LEADER TECHNOLOGIES INC., et al.,**

        **Plaintiffs,**                  **Case No. 2:07-cv-473**
                                                 **JUDGE GREGORY L. FROST**
   **v.**                             **Magistrate Judge Terrence P. Kemp**

**BENJAMIN ZACKS, et al.,**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court the Motion of Defendants Bradley Dorsey, Unified Systems, LLC and Conference Leader Inc. to Dismiss ("Dorsey Defendants' Motion to Dismiss") (Doc. # 17), the Motion of Benjamin S. Zacks and the Zacks Law Group, LLC to Dismiss ("Zacks Defendants' Motion to Dismiss") (Doc. # 19), Adam Steiger's Motion to Dismiss (Doc. # 21), Esther Barmack's Motion to Dismiss (Doc. # 24), and Plaintiffs' Motion for Leave to File a Second Amended Complaint *Instanter* (Doc. #40).  For the reasons that follow, the Court **GRANTS** Defendants' motions to dismiss and **DENIES** Plaintiffs' motion for leave to amend the amended complaint.

## I.  BACKGROUND

On May 23, 2007 Plaintiffs filed their Complaint in this action alleging jurisdiction based on diversity.  (Doc. # 1.)  The Complaint named as defendants, Benjamin Zacks, the Zacks Law Group LLC ("the Zacks Defendants"), Adam Steiger, and 15 John Doe defendants.  Plaintiffs and two Defendants were identified as citizens of Ohio.  (Doc. # 2.)  The Complaint set forth three state law causes of action, *i.e.*,  legal malpractice, intentional interference with a business relationship, and misappropriation of trade secrets.  Plaintiffs failed to serve this Complaint on any Defendant.

On May 31, 2007 Plaintiffs filed an Amended Complaint.  (Doc. # 3.)  The Amended Complaint added state law causes of action for civil conspiracy, breach of contract and defamation.  Plaintiffs failed to timely serve this Amended Complaint upon any Defendant.

On October 17, 2007 this Court issued a Show Cause Order:

> The Court **ORDERS** that plaintiffs show good cause within ten (10) days of the date of this Order why this action should not be dismissed and why an extension of time to effect service should be allowed.  The good cause showing must be supported with sworn affidavits.

(Doc. # 5.)

Plaintiffs failed to respond to this Show Cause Order.

On October 25, 2007 Plaintiffs secured issuance of a Summons from the Clerk of this Court, which was served with the First Amended Complaint upon Defendants.   (Doc. # 6.)

On October 29, 2007, four days after the Summons had been issued, Plaintiffs filed a Second Amended Complaint.  (Doc. # 8.)  In the Second Amended Complaint Plaintiffs purport to add as defendants, Bradley Dorsey, Unified Systems, LLC, and Conference Leader, Inc. ("the Dorsey Defendants"), Edward Detwiler, and Esther Barmak.  Plaintiffs also purported to add a cause of action for "copyright infringement."  The Second Amended Complaint referred to several exhibits which were not filed with it.

On November 19, 2007 the Dorsey Defendants filed a motion to dismiss for insufficiency of process and lack of subject matter jurisdiction.  (Doc. # 17.)  Plaintiffs filed their memorandum in opposition on December 27, 2007, in which they informed the Court that they had settled with Defendant Detwiler.  (Doc. # 36 at 5 n.1.)  The Dorsey Defendants filed their reply in support of their motion to dismiss on January 7, 2008.  (Doc. # 44.)

On November 20, 2007 the Zacks Defendants filed a motion to dismiss based on

2

insufficiency of process, lack of subject matter jurisdiction, and the doctrine of abstention.  (Doc. # 19.)  Plaintiffs filed their memorandum opposing that motion on December 27, 2007 (Doc. # 37) and the Zacks Defendants filed their reply in support of their motion to dismiss on January 8, 2008 (Doc. # 45).

On November 21, 2007 Defendant Steiger filed a motion to dismiss based on insufficiency of process, lack of subject matter jurisdiction, and the doctrine of abstention (Doc. # 21) and Plaintiffs filed their memorandum opposing that motion on December 27, 2007 (Doc. # 38).  On January 7, 2008 Steiger filed his reply in support of his motion to dismiss.  (Doc. # 42.)

On November 27, 2007 Defendant Barmak filed a motion to dismiss based on insufficiency of process, lack of subject matter jurisdiction, and the doctrine of abstention.  (Doc. # 24.)  Plaintiffs filed their memorandum opposing that motion on December 27, 2007.  (Doc. # 39.)  No reply was filed.

On December 27, 2007, nearly two months after they filed the Second Amended Complaint and a month after all Defendants moved for dismissal of this entire action, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint *Instanter*.  (Doc. # 40.)  On January 11, 2008 the Zacks Defendants filed a memorandum in opposition to the motion for leave to amend.  (Doc. # 46.)  Plaintiffs failed to file a reply in support of their motion for leave to amend the Amended Complaint.

## II.  DEFENDANTS' MOTIONS TO DISMISS

All Defendants argue that this case should be dismissed for insufficiency of process or, alternatively, for lack of subject matter jurisdiction.

## A.  Insufficiency of Process

All Defendants contend that they are entitled to dismissal of this action because Plaintiffs failed to timely serve the Amended Complaint upon them and because Plaintiffs failed to show good cause for their failure.  This Court agrees.

### 1.  Standard

Fed. R. Civ. P. 12(b)(4) provides for dismissal for insufficiency of process.  Fed. R. Civ. P. 4(m) requires a plaintiff to serve the summons and complaint upon the defendant within 120 days after the complaint is filed.  *Williams v. Smith*, No. 98-1700, Case No. 98-1700, 1999 U.S. App. LEXIS 23202, at *3 (6th Cir. Sept. 17, 1999) (citing Fed. R. Civ. P. 4(m)).  "Unless the plaintiff demonstrates good cause for failure to timely serve the defendant, the district court must either dismiss the complaint without prejudice or direct that service be made within a specified time period."  *Id.* (citing Fed. R. Civ. P. 4(m), *Henderson v. United States*, 517 U.S. 654, 661-63 (1996); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).  The determination of whether good cause has been shown is left to the sound discretion of the district court.  *Id.* at 3-4 (citing *Byrd*, 94 F.3d at 219; *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994) (discussing Fed. R. Civ. P. 4(j), now codified as Fed. R. Civ. P. 4(m)).

### 2.  Analysis

In the instant action, Plaintiffs failed to serve Defendants with the Amended Complaint within 120 days.  Consequently, the Magistrate Judge assigned to this case issued a Show Cause Order requiring Plaintiffs to demonstrate "good cause" as to "why this action should not be dismissed and why an extension of time to effect service should be allowed."  (Doc. # 5.) Further, the Order directed that the "good cause showing must be supported with sworn

4

affidavits." *Id.* Plaintiffs failed to respond in any way to this Order. The United States Court of Appeals for the Sixth Circuit and this Court have held that where a plaintiff fails to respond to an order to show cause for failure to effect service within 120 days – as Plaintiffs have here – such failure is not for good cause as a matter of law. *See, e.g., Williams v. Smith*, 1999 U.S. App. LEXIS 23202 at *4 (6th Cir. 1999) (good cause is not shown when the plaintiff does not offer any explanation for his failure to serve the defendants within 120 days of the filing of his complaint, even though the magistrate judge orders him to do so, nor does the plaintiff submit the requested affidavit or offer good cause for his failure to timely serve the defendants); *Thompson v. Spencer*, Case No. 1:06-cv-00059, 2006 U.S. Dist. LEXIS 72611 at *5 (S.D. Ohio 2006) (good cause is not shown when the plaintiff fails to respond to a show cause order for failing to serve defendants).

Accordingly, the Court **GRANTS** Defendants' motions to dismiss for insufficient process and for failure to comply with a Show Cause Order of this Court.

**B.  Subject Matter Jurisdiction**

If this action were not dismissed based for insufficiency of process and failure to comply with an order of this Court, Defendants argue that it would still be subject to dismissal for lack of subject matter jurisdiction. This Court agrees.

**1.  Standard**

Fed. R. Civ. P. 12(b)(1) motions to dismiss based upon lack of subject matter jurisdiction generally come in two varieties:

> A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss.

> On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations.

*Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  *See also Nat'l Assoc. of Minority Contractors v. Martinez*, 248 F. Supp.2d 679, 681 (S.D. Ohio 2002).

Here, Defendants have submitted no evidence in support of their argument that this Court lacks subject matter jurisdiction, nor have they pointed to any disputed facts that they have called upon the Court to resolve.  For these reasons, the Court concludes that Defendants have mounted a facial challenge to subject matter jurisdiction in this case; accordingly, the Court views all of the allegations of the Amended Complaint under the standard set forth in Fed. R. Civ. P. 12(b)(6).

Under the United States Supreme Court's recent articulation of the Fed. R. Civ. P. 12(b)(6) standard, this Court must construe a complaint in favor of the plaintiff, accept the factual allegations contained in the complaint as true, and determine whether the plaintiff's factual allegations present plausible claims.  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007).  The claims must be plausible and not merely conceivable.  *Bell Atlantic Corp.*, 127 S. Ct. at 1974; *Tucker v. Middleburg-Legacy Place, LLC*, No. 1:07cv2015, 2007 WL 3287359, at *2 (N.D. Ohio Nov. 5, 2007).

**2. Analysis**

In the case *sub judice*, Plaintiffs rest jurisdiction on 28 U.S.C. § 1332, which provides "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States."  28 U.S.C. § 1332(a)(1).  It is well-settled that this statute has been interpreted to require

6

complete diversity between all plaintiffs and all defendants.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267-68, 2 L. Ed. 435 (1806); *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994).  Here, however, all Plaintiffs and all Defendants except Defendant Steiger are from Ohio.  Thus, complete diversity does not exist and this Court lacks subject matter jurisdiction over this action.

Accordingly, even when construing the Amended Complaint in favor of Plaintiffs and accepting the factual allegations contained in the Amended Complaint as true, Plaintiff's factual allegations utterly fail to present plausible claims.  *See Bell Atlantic Corp.*, 127 S. Ct. at 1964-65.  Therefore, the Court **GRANTS** Defendants' motions to dismiss for lack of subject matter jurisdiction.

### III.  Plaintiffs' Motion for Leave to File a Second Amended Complaint *Instanter*

Defendants argue that Plaintiffs' Motion for Leave to File a Second Amended Complaint *Instanter* should be denied because even after amendment the pleading cannot withstand a motion to dismiss.  This Court agrees.

### A.  Standard

Amendments to pleadings are governed by Fed. R. Civ. P. 15(a), which provides:

(1) Amending as a Matter of Course.  A party may amend its pleading once as a matter of course:

(A) before being served with a responsive pleading; or

(B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Decisions as to when justice requires amendment are left to the sound discretion of the trial court. *Martin v. Assoc. Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986).

**B.  Analysis**

In this case, Plaintiffs amended the Complaint once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1).  Then, on October 29, 2007, Plaintiffs filed their Second Amended Complaint without leave of this Court, in violation of Fed. R. Civ. P. 15(a)(2).  In the Second Amended Complaint, Plaintiffs purport to add as defendants the Dorsey Defendants, Edward Detwiler and Esther Barmak, and to add a cause of action for "copyright infringement."

The Second Amended Complaint also refers to several exhibits which were not filed with it.  On December 11, 2007 Plaintiffs, without explanation, filed a Notice of Filing Exhibits A through J of the Second Amended Complaint.  Although it is not clear, Plaintiffs claim that all Defendants have been served the Second Amended Complaint and the Exhibits attached to Plaintiffs' December Notice.

On December 27, 2007, after all Defendants had moved for dismissal of this entire action, Plaintiffs filed their Motion for Leave to File a Second Amended Complaint *Instanter*. (Doc. # 40.)  "[I]t is well settled law that the district court may deny a motion to amend if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Martin v. Assoc. Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986)).  Here, the Court concludes that Plaintiffs' request for leave to file the Second Amended Complaint should be denied because the pleading as amended fails to set forth a basis for subject matter jurisdiction, and therefore, it cannot withstand a motion to dismiss.

Plaintiffs argue that this Court possesses federal question jurisdiction because they allegedly plead an action under the United States Copyright Act.  17 U.S.C. § 101 *et seq.* Plaintiffs argue that "the sharing of their proprietary software and the dissemination of confidential information about the company itself" occurred in violation of  "non-disclosure agreements" between Defendants and Plaintiffs.  (Doc. # 36 at 3.)  Plaintiffs continue, without citation to authority:

> Further, claims can be made under the Copyright Act without asking for relief for copyright infringement.  In this case, the Plaintiffs have not plead and do not seek remedies for copyright infringement.  Rather, Plaintiffs seek protection under the Copyright Act for proprietary software created for and owned by Leader Technologies Incorporated.

*Id.* at 6.  Plaintiffs' argument is not well taken.

Federal copyright law protects an owner's rights to creative works of authorship including "literary works."  17 U.S.C. § 102(a)(1).  A computer program is defined under Title 17 as "a set of statements or instructions to be used directly or indirectly  in a computer in order to bring about a certain result."  *Id.*  Computer programs fall within the definition of literary works.  *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 533 (6th Cir. 2004).

> This protection provides copyright owners with the exclusive rights to reproduce the works and to distribute these copies to the public. [17 U.S.C.] § 106(1), (3).  Anyone who violates these, or other, rights of the copyright owner is an "infringer," and thus is liable to the owner, *id.* § 501(a), (b) . . . .

*Zomba Enter., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 578 (6th Cir. 2007).   Indeed, the United States Supreme Court has instructed:

> Copyright protection "subsists . . . in original works of authorship fixed in any tangible medium of expression."  17 U.S.C. § 102(a) (1982 ed.).  *This protection has never accorded the copyright owner complete control over all possible uses*

*of his work.*  Rather, the [Copyright] Act grants the copyright holder exclusive rights to use and to authorize the use of his work in five qualified ways, including reproduction of the copyrighted work in copies pursuant to 17 U.S.C. § 106 of the Act. . . .

Anyone who violates any of the exclusive rights of the copyright owner, that is, anyone who trespasses into his exclusive domain by using or authorizing the use of the copyrighted work in one of the five ways set forth in the Copyright Act, 17 U.S.C. § 106, is an infringer of the copyright pursuant to 17 U.S.C. § 501(a).

*Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 447 (1984) (emphasis

added).  The five ways specified to violate the exclusive rights of the copyright owner set forth

in the Copyright Act, 17 U.S.C. § 106 are as follows:

(1) to reproduce the copyrighted work in copies or phonorecords;

(2) to prepare derivative works based upon the copyrighted work;

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;

(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and

(6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106.  Thus, a plaintiff can establish copyright infringement by showing "(1)

ownership of a valid copyright, and (2) copying [as set forth above] of constituent elements of

the work that are original."  *Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir. 1999) (citation and

quotation omitted).

In the instant action, although Plaintiffs allege that they own two copyright registrations,

nowhere in the Second Amended Complaint, in any of the four memoranda in opposition to

Defendants' motions to dismiss, or in Plaintiffs' Motion for Leave to File a Second Amended

Complaint *Instanter* do Plaintiffs allege that any Defendant infringed upon the material subject

to copyright protection.  *See* 17 U.S.C. § 106.  Indeed, Plaintiffs specifically deny that they are

bringing a cause of action for copyright infringement.  (*See* Doc. # 36 at 3: "In this case, the

Plaintiffs have not plead and do not seek remedies for copyright infringement.)  It appears to this

Court that the facts upon which Plaintiffs base their alleged copyright violations constitute a

claim for conversion or misappropriation of trade secrets, both of which are state law claims that

do not involve federal law.

## IV.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Dorsey Defendants' Motion to

Dismiss") (Doc. # 17), the Zacks Defendants' Motion to Dismiss" (Doc. # 19), Adam Steiger's

Motion to Dismiss (Doc. # 21), Esther Barmack's Motion to Dismiss (Doc. # 24) and **DENIES**

Plaintiffs' Motion for Leave to File a Second Amended Complaint *Instanter* (Doc. #40).  The

Clerk is **DIRECTED** to **DISMISS** without prejudice this action.

**IT IS SO ORDERED.**

<u>**/s/ Gregory L. Frost**</u>
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**